IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEREK P. GENDRON, )<br>  Plaintiff, )<br>  )<br>v. )<br>  )<br>GREGORY J. MCCOY and )<br>CUNNINGHAM DALMAN P.C., )<br>  Defendants. ) | Civil Action No. 3:21-cv-00717<br>Chief Judge Crenshaw/Frensley<br>Jury Demand |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION AND BACKGROUND

This matter is before the Court upon Defendants' Amended Motion to Dismiss. Docket No. 11. Defendants have contemporaneously filed a supporting Memorandum of Law, along with the Affidavits of Gregory J. McCoy and Ronald J. VanderVeen. Docket Nos. 12; 12-1; 12-2. Defendants filed their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and supporting Memorandum arguing that this Court does not have personal jurisdiction over either Defendant because neither Defendant is subject to either the general or specific jurisdiction of this Court. *Id.* Specifically, Defendants argue, *inter alia*, that Defendants are citizens and residents of Michigan, that neither Defendant has had *any* contacts with Tennessee whatsoever, that all actions occurred within Michigan, that any damage Plaintiff may have suffered to his reputation would have been in Michigan, and that the *only* connection to Tennessee is that it is the state in which Plaintiff currently resides. *Id.* Accordingly, Defendants contend that this Court does not have jurisdiction over this matter and that their Motion to Dismiss should be granted. *Id.*

Plaintiff has filed a Response opposing Defendants' Motion. Docket No. 16. As part of his Response, Plaintiff has submitted his Declaration. *Id.*, p. 6. In his Response, Plaintiff argues that

he received a Notice from this Court regarding a Motion to Strike, but Plaintiff argues that "To date, [he] has never received any Notice of Representations, Notice to Appear, or the original Motion to Dismiss from Defendants' Counsel." *Id.*, p. 2. Plaintiff notes that Defendants' Certificate of Service shows an address of 3237 Memorial Blvd. #3208, but the correct address is 3237 Memorial Blvd. #2308. *Id.* Plaintiff maintains that he "is not even clear if this law firm is a representing law firm as the Motion does not bear their information in the heading." *Id.* Plaintiff contends that, on October 29, 2021, he emailed "Attorney Richard Mangelsdorf, Jr. inquiring about Motions filed and lack of communications." *Id.* Plaintiff asserts that he received an email from Rachel Minchey with two motions filed. *Id.* Plaintiff maintains that "To date there has been no letter of representation." *Id.* Plaintiff maintains that, on November 1, 2021, he emailed "Attorney Richard Mangelsdorf, Jr. by way of Rachel Minchey to request consent to ask this Court for a Change of Venue to Western Michigan." *Id.* Plaintiff states that a "response was received on November 4, 2021, saying 'I do not have any opposition on the condition that you agree to be solely responsible for all court costs and expenses related to the transfer of the above-reference matter…'" *Id.*

Plaintiff argues that he "is led to believe that Defendant Cunningham Dalman has represented or does represent clients in Tennessee," but that if the filing in Tennessee is deemed to be improper, he requests that this case be transferred to the Western District of Michigan or dismissed without prejudice. *Id.*

Defendants have filed a Reply to Plaintiff's Response. Docket No. 17. In it, Defendants Reply that both the original Motion to Dismiss and the Amended Motion to Dismiss were sent to P.O. Box 330476, Murfreesboro, Tennessee 37122, which is the mailing address that Plaintiff provided to the Court. *Id.* Defendants note that although there was a typographical error in the

apartment number of Plaintiff's physical address, he was still properly served with the two Motions at his mailing address, and they further note that Plaintiff has not been prejudiced since he timely-filed his Response to the instant Motion. *Id.*

Defendants argue that none of Defendant Cunningham Dalman's employees, including Defendant McCoy, practice law or otherwise conduct business in Tennessee. Affidavits of Gregory J. McCoy at ¶¶ 6, 10, and 11; and Ronald J. VanderVeen at ¶¶ 6, 8, 11. Defendants contend that the webpage screenshot filed by Plaintiff is for Tennessee attorney, Alan Marx, and they attach a screenshot of the entire webpage to demonstrate that the webpage proffered by Plaintiff fails to establish that either of the Defendants conduct business in Tennessee. Docket No. 17. Defendants therefore argue that their Motion should be granted. *Id.* In the alternative, Defendants argue that, if the Court finds it appropriate to transfer this case to the Western District of Michigan, Plaintiff should be responsible for the court costs and expenses associated with the transfer. *Id.*

Thereafter, Plaintiff filed an "Amended Reply" to Defendants' Motion and Reply. Docket No. 21. In Plaintiff's "Amended Reply," Plaintiff argues that he "has no connection to Michigan, such as owning property or owning a vehicle in Michigan." Docket No. 21. Plaintiff argues that there is a diversity of citizenship issue because he is a Tennessee resident and Defendants "may or may not be citizens of Michigan." *Id.* Plaintiff argues that because Defendants' "actions were directed at a known out of state actor … Defendants knew or should've known by the very document submitted to the third party that they were taking actions directed at an out-of-state person." *Id.* Plaintiff contends that this Court has discretion to find jurisdiction and because Defendants' "actions were directed at an out of state forum resident" they brought "this matter into whatever jurisdiction the injured party resided in," such that this is sufficient to confer jurisdiction. *See id.* Plaintiff argues that "the rules of fair play and justice dictate that this matter should be

3

heard in Tennessee and this Court has discretion with regards to Jurisdiction," but that, should the Court determine that there is a lack of personal jurisdiction, this case should be dismissed without prejudice or transferred to the Western District of Michigan. *Id.*

In response to Plaintiff's "Amended Reply," Defendants have filed another Reply. Docket No. 23. In this Reply, Defendants argue that Plaintiff's "Amended Reply" was improperly filed and was not in accordance with Fed. R. Civ. P. 15(a) because it was filed more than 21 days after service of his original Response (Docket No. 16), which was served on November 5, 2021. *Id.* Defendants further argue that no additional or new facts were alleged in the "Amended Reply" and that Plaintiff has not met his burden to show that this Court can properly exercise either general or specific jurisdiction over Defendants. *Id.*

Plaintiff's argument that Defendants should be subject to this Court's personal jurisdiction because the driving record states that Plaintiff's license was "out of state" is without merit. Plaintiff's driving record shows that his last known residence address was in Michigan, which is why the letter was sent to that address. *Id.* Defendants argue that there was no "purposeful" direction of activity to an entity in Tennessee. *Id.* Defendants reiterate that the letter was sent from Defendants' law firm in Michigan to Plaintiff's family members, at Plaintiff's last known address, in Michigan. *Id.*

As to Plaintiff's "fair play and substantial justice" argument, Defendants contend that this is inapposite absent the establishment of minimum contacts within the forum state. *Id.* Defendants argue that they have not purposefully established minimum contacts with Tennessee, and that even if such minimum contacts existed, the principles of fair play and substantial justice would render personal jurisdiction over Defendants improper because the sole connection that this case has to Tennessee would be that it's Plaintiff's current state of residence. *Id.* Defendants note that both

they and the recipients of the subject letter all reside in Michigan, and they further note that Plaintiff is alleging violations of Michigan law as grounds for his lawsuit and that Plaintiff intends to call Michigan witnesses to offer evidence in this matter. *Id.* Accordingly, Defendants argue that the exercise of personal jurisdiction over them is inappropriate. *Id.*

For the reasons discussed below, the undersigned finds that this Court lacks personal jurisdiction over Defendants and recommends that this matter be transferred to the Western District of Michigan.

## II. RELEVANT FACTS

### A. Background Allegations of Plaintiff's Complaint

Plaintiff filed his pro se Complaint on September 15, 2021. Docket No. 1. Defendants were served on or around October 1, 2021. *See* Docket Nos. 6, 7. Plaintiff's Complaint alleges that Defendant McCoy, a Michigan resident, and Defendant Cunningham Dalman, a Michigan business entity, disseminated false statements and confidential information about Plaintiff to members of Plaintiff's wife's family, who reside in Michigan. Docket No. 1. Specifically, Plaintiff contends:

> At issue is a letter written by Defendant Gregory McCoy and signed by the individual Defendant Gregory McCoy. The letter was written on Defendant Cunningham Dalman's letterhead. The letter was placed in the United States Postal Service mail and mailed to Norman and Lorraine Sunamoto. . . . In the letter, Defendants' included a copy of a Michigan Driver's License report issued by the State of Michigan. . . . The content of the driver's report specifically indicates that the driver's license was "SURRENDERED – OUT OF STATE". On another page of the Driver's report, labeled the Status page, it states "Cancelled – Out of State".

Plaintiff avers that the letter violated his privacy and painted him in a "false light" with his relatives because the letter stated that Plaintiff "falsely claimed that [their] property was his home." *Id., see also*, Docket No. 16. Plaintiff alleges "violations of Privacy, violations of the Michigan code regarding handling of driver's reports, legal malpractice/breach of fiduciary duty,

5

libel/written defamation, intentional infliction of emotional distress, bad faith, negligent misrepresentation, Driver's Privacy Protection Act of 1994 violation and malicious prosecution/abuse of process." *Id.*

### B. Affidavit of Gregory J. McCoy

Defendant Gregory J. McCoy is a citizen and resident of the State of Michigan. Docket No. 12-1, Affidavit of Gregory J. McCoy ("McCoy Aff."), ¶ 1. Defendant McCoy is employed by Defendant Cunningham Dalman, P.C. as an attorney and has been duly authorized to practice law in the State of Michigan since 1994. *Id.*, ¶¶ 4, 6. Defendant Cunningham Dalman, P.C. is a professional corporation formed under the laws of the State of Michigan with a principal place of business at 321 Settlers Road, Holland, Michigan 49423. *Id.*, ¶ 5.

Defendant McCoy has never resided in the State of Tennessee, nor has he ever controlled, directed, or monitored corporate activities in Tennessee. *Id.*, ¶¶ 7, 8. Defendant McCoy has never had any offices, addresses (either business or residential), or telephone listings in Tennessee, nor has he ever been employed by nor employed anyone in Tennessee, nor has he ever solicited or conducted business in Tennessee. *Id.*, ¶¶ 9, 10.

Defendant McCoy has never been licensed to practice law in Tennessee, and with the exception of the current lawsuit, has never been involved in litigation in Tennessee, either as an attorney or a party to the lawsuit. *Id.,* ¶¶ 11, 12.

Defendant McCoy has never owned, had an interest in, possessed, or leased real property in Tennessee, nor has he had any assets in Tennessee. *Id.*, ¶¶ 13, 14.

Defendant McCoy does not maintain, nor has he ever maintained, any bank accounts, payroll records, or other business records in Tennessee, nor has he ever paid taxes in Tennessee. *Id.*, ¶ 15.

### C. Affidavit of Ronald J. VanderVeen

Ronald J. VanderVeen is a citizen and resident of the State of Michigan. Docket No. 12-2, Affidavit of Ronald J. VanderVeen ("VanderVeen Aff."), ¶ 1. Mr. VanderVeen is the president of Defendant Cunningham Dalman, P.C. *Id.*, ¶ 4. Defendant Cunningham Dalman, P.C. is a professional corporation formed under the laws of the State of Michigan with a principal place of business at 321 Settlers Road, Holland, Michigan 49423. *Id.*, ¶ 5.

All of Defendant Cunningham Dalman's officers, directors, and employees reside in Michigan. *Id.*, ¶ 6. Defendant Cunningham Dalman has never been registered, authorized, or otherwise qualified to do business in Tennessee and it has never had a registered agent for service of process in Tennessee. *Id.*, ¶ 7. Defendant Cunningham Dalman has never controlled, directed, or monitored corporate activities in Tennessee, nor has it ever solicited or conducted business in Tennessee. *Id.*, ¶ 8. Defendant Cunningham Dalman has never had any offices, addresses, or telephone listings in Tennessee, nor has it ever employed anyone in Tennessee. *Id.*, ¶ 9.

None of the attorneys employed by Defendant Cunningham Dalman, including Defendant Gregory J. McCoy, are licensed to practice law in Tennessee. *Id.*, ¶ 10. With the exception of the instant action, Defendant Cunningham Dalman has never been involved in litigation in Tennessee. *Id.,* ¶ 11.

Defendant Cunningham Dalman has never owned, had an interest in, possessed, or leased real property in Tennessee, nor has it ever had any assets in Tennessee. *Id.,* ¶¶ 12, 13. Defendant Cunningham Dalman does not maintain, nor has it ever maintained any bank accounts, payroll records, or other business records in Tennessee, nor has it ever paid taxes in Tennessee. *Id.*, ¶ 14.

### D. Declaration of Plaintiff Derek P. Gendron

Plaintiff Derek P. Gendron is a full-time resident of the State of Tennessee, with a home

address of 3237 Memorial Drive #2308, Murfreesboro, Tennessee 37129. Docket No. 16, p. 6, ¶ 1. Plaintiff, his wife and two children left Michigan to travel full-time in July 2018. *Id.*, ¶ 2. On or about October 2019, Plaintiff became a resident of South Dakota and had a South Dakota driver's license. *Id.*, ¶ 3.

On or about June 2021, Plaintiff received notice from his wife that her parents had received a letter from Cunningham Dalman, signed by Gregory McCoy, addressed to Norman & Lorraine Sunamoto. *Id.*, ¶ 4.

Plaintiff has never received any document by way of mail to his place of business or home address from a "Richard Mangelsdorf Jr., Olivia Park or respective law firm thereof," nor has Plaintiff received "any notice of a motion, a motion to strike, or a refiled motion," nor has he received "a letter of representation by Richard Mangelsdorf Jr., Olivia Park or respective law firm thereof." *Id.*, ¶ 5.

Plaintiff carries a Tennessee driver's license and has "an active residence" in Tennessee. *Id.*, ¶ 6.

### III. LAW AND ANALYSIS

#### A. Standard of Review

A Defendant is authorized to file a motion to dismiss for lack of personal jurisdiction under Rule 12(b) (2) of the Federal Rules of Civil Procedure. Because the Plaintiff invokes the Court's jurisdiction, they bear the burden of making a *prima facie* showing of personal jurisdiction even though the Defendant is the moving party on such a motion. *Intera Corp. v. Henderson,* 428 F. 3d 605, 615 (6th Cir. 2005). When "[p]resented with a properly supported 12(b) (2) motion and opposition, the court has three procedural alternatives: it may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary

hearing to resolve any apparent factual questions." *Theunissen v. Matthews,* 935 F. 2d 1454, 1458 (6th Cir. 1991) (*citing Serras v. First Tennessee Bank Nat. Ass'n,* 875 F. 2d 1212, 1214 (6th Cir. 1989)). "The Court has discretion to select which method it will follow and will only be reversed for abuse of discretion." *Id.* Against a properly supported motion for dismissal, the "plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen,* 935 F. 2d at 1458. Where neither party is requesting an evidentiary hearing, as here, the Plaintiff's burden is "relatively slight." *MAG IAS Holdings, Inc. v. Schmückle*, 854 F. 3d 894, 899 (6th Cir. 2017). "To defeat dismissal in this context, Plaintiffs need make only a *prima facie* showing that personal jurisdiction exists." *Id.* Dismissal under Rule 12(b) (2) is appropriate only if the specific facts alleged by the Plaintiff, taken as a whole, fail to state a *prima facie* case for personal jurisdiction. *Bridgeport Music, Inc. v. Still N The Water Pub.,* 327 F. 3d 472, 478 (6th Cir. 2003).

The Court may exercise specific jurisdiction or general jurisdiction over a defendant. A court may hear any and all claims under general jurisdiction based on the defendant's pervasive, continuous, and systematic affiliations with the forum state. *Daimler AG v. Bauman*, 571 U. S. 117, 122 (2014).

In diversity cases, the court must apply the law of the forum state to determine whether it may exercise jurisdiction over the person of a non-resident defendant, to the extent state law is consistent with due process. *Theunissen,* 935 F. 2d at 1454, 1459 (6th Cir. 1991) (citations omitted). Under Tennessee law, the state may exercise specific personal jurisdiction over non-residents of the state "as to any action or claim for relief arising from," among other acts, "[t]he transaction of any business within this state"; "[a]ny tortious act or omission within this state"; "[e]ntering into a contract for services to be rendered or for materials to be furnished in this state";

and any other "basis not inconsistent with the constitution of this state or of the United States." T. C. A. § 20-2-214(a) (1), (2), (5), (6). The jurisdictional limits of the Tennessee long-arm statute have long been interpreted to be identical to the federal constitutional requirement of due process. *S. Mach. Co. v. Mohasco Indus., Inc.,* 401 F. 2d 374, 377 (6th Cir. 1968); *Crouch Ry. Consulting, LLC v. LS Energy Fabrication, LLC,* 610 S. W. 3d 460, 471 (Tenn. 2020) (citations omitted).

For purposes of determining whether a district court's exercise of personal jurisdiction would offend due process under federal law, "[t]he relevant inquiry is whether the facts of the case demonstrate that the non-resident defendant possesses such minimum contacts with the forum state that the exercise of jurisdiction would comport with 'traditional notions of fair play and substantial justice.'" *Theunissen,* 935 F. 2d 1454, 1459 (6th Cir. 1991) (quoting *Int'l Shoe Co. v. Washington,* 326 U. S. 310, 316 (1945).

> The Supreme Court has recently described the outlines of specific jurisdiction follows:
>
> Specific jurisdiction . . . covers defendants less intimately connected with a State, but only as to a narrower class of claims. The contacts needed for this kind of jurisdiction often go by the name 'purposeful availment.' The defendant . . . must take 'some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State. The contacts must be the defendant's own choice and not random, isolated, or fortuitous. They must show that the defendant deliberately reached out beyond its home-by, for example, exploi[ting] a market in the forum State or entering a contractual relationship centered there. Yet even then—because the defendant is not 'at home' - the forum State may exercise jurisdiction in only certain cases. The plaintiff's claims, we have often stated, must arise out of or relate to the defendant's contacts with the forum. Or put just a bit differently, there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.

*Ford Motor Company v. Mont. Eighth Judicial District Court,* 141 S. Ct. 1017, 1024-25 (2021) (internal quotations marks and citations omitted)

To survive a defendant's motion to dismiss under *Ford Motor,* the plaintiff must make out a *prima facie* showing that (1) the defendants purposely availed themselves of the privilege of

conducting business in Tennessee and (2) that the plaintiff's claims "arise out of or relate to the defendants' contacts" with Tennessee. *Id.*

A district court may transfer any civil action to any other district or division where it might have been brought. 28 U. S. C. § 1404(a). In deciding whether to transfer a case to a new venue under this statute, the Court must determine whether:

> (1) the action could have been brought in the proposed transferee-court, (2) a transfer would promote the interests of justice; and (3) a transfer would serve the parties' and witnesses' convenience.

*Thomas v. Home Depot, U. S. A., Inc.,* 131 F. Supp 2d 934, 936 (E. D. Mich. 2001) (citation omitted). The movant must make this showing by a preponderance of the evidence. *Id.*

**B. The Case at Bar**

**1. Personal Jurisdiction**

As recounted above, Plaintiff bears the burden of persuading the Court that personal jurisdiction exists. For the reasons discussed herein, Plaintiff has failed to do so.

As an initial matter, Defendants have not had any contacts with the State of Tennessee whatsoever, and the incident giving rise to this cause of action—namely the mailing of a letter to Plaintiff's address of record—occurred in Michigan.

As discussed above, Defendant Cunningham Dalman, P.C. is a professional corporation formed under the laws of the State of Michigan with a principal place of business at 321 Settlers Road, Holland, Michigan 49423. VanderVeen Aff., ¶ 5. All of Defendant Cunningham Dalman's officers, directors, and employees reside in Michigan. *Id.*, ¶ 6. Defendant Cunningham Dalman has never been registered, authorized, or otherwise qualified to do business in Tennessee and it has never had a registered agent for service of process in Tennessee. *Id.*, ¶ 7. Defendant Cunningham Dalman has never controlled, directed, or monitored corporate activities in

Tennessee, nor has it ever solicited or conducted business in Tennessee. *Id.*, ¶ 8. Defendant Cunningham Dalman has never had any offices, addresses, or telephone listings in Tennessee, nor has it ever employed anyone in Tennessee. *Id.*, ¶ 9. None of the attorneys employed by Defendant Cunningham Dalman, including Defendant Gregory J. McCoy, are licensed to practice law in Tennessee. *Id.*, ¶ 10. With the exception of the instant action, Defendant Cunningham Dalman has never been involved in litigation in Tennessee. *Id.,* ¶ 11. Defendant Cunningham Dalman has never owned, had an interest in, possessed, or leased real property in Tennessee, nor has it ever had any assets in Tennessee. *Id.,* ¶¶ 12, 13. Defendant Cunningham Dalman does not maintain, nor has it ever maintained any bank accounts, payroll records, or other business records in Tennessee, nor has it ever paid taxes in Tennessee. *Id.*, ¶ 14.

As also discussed above, Defendant Gregory J. McCoy is a citizen and resident of the State of Michigan. McCoy Aff., ¶ 1. Defendant McCoy is employed by Defendant Cunningham Dalman, P.C. as an attorney and has been duly authorized to practice law in the State of Michigan since 1994. *Id.*, ¶¶ 4, 6. Defendant Cunningham Dalman, P.C. is a professional corporation formed under the laws of the State of Michigan with a principal place of business at 321 Settlers Road, Holland, Michigan 49423. *Id.*, ¶ 5. Defendant McCoy has never resided in the State of Tennessee, nor has he ever controlled, directed, or monitored corporate activities in Tennessee. *Id.*, ¶¶ 7, 8. Defendant McCoy has never had any offices, addresses (either business or residential), or telephone listings in Tennessee, nor has he ever been employed by nor employed anyone in Tennessee, nor has he ever solicited or conducted business in Tennessee. *Id.*, ¶¶ 9, 10.

Defendant McCoy has never been licensed to practice law in Tennessee, and with the exception of the current lawsuit, has never been involved in litigation in Tennessee, either as an attorney or a party to the lawsuit. *Id.,* ¶¶ 11, 12. Defendant McCoy has never owned, had an interest

in, possessed, or leased real property in Tennessee, nor has he had any assets in Tennessee. *Id.*, ¶¶ 13, 14. Defendant McCoy does not maintain, nor has he ever maintained, any bank accounts, payroll records, or other business records in Tennessee, nor has he ever paid taxes in Tennessee. *Id.*, ¶ 15.

Not only have Defendants had no contact with Tennessee whatsoever, the letter at issue was mailed to an address in Michigan; therefore, it cannot be said that Defendants "purposefully directed [its] activities" at the forum state. The only connection to Tennessee is that it is Plaintiff's domicile.

Given the facts of this case, the undersigned finds that this Court lacks personal jurisdiction over Defendants.

### 2. Transfer to the Western District of Michigan

In response to the Defendant's motion, the Plaintiff argues that should the Court determine there is a lack of personal jurisdiction, the case should be transferred to the Western District of Michigan. Docket No. 21, p. 6. In support of his motion, the Plaintiff asserts that he is a pro se litigant who resides in Tennessee, "but was not aware that the claim to injury should be heard where the action happened or where the Defendants do business." *Id.* at p. 7. He further argues that the Defendants have confirmed that the letter which forms the basis of his claim was in fact was sent and thus his claims are actionable in some forum. *Id.* Finally, he contends that the Defendants have "concurred to a transfer of the case to [the] Western District of Michigan." *Id.*

In their reply, the Defendants do not address the motion to transfer but contend that "should the Court find it appropriate to transfer this case to the Western District of Michigan, "Plaintiff should be responsible for the court costs and expenses associated with said transfer." Docket No. 17, p. 3.

While not addressed specifically, it appears that both Parties agree that this matter could have been filed in the Western District of Michigan, limiting the Court's analysis to prongs 2 and 3 of the test to determine whether a transfer is appropriate.

In analyzing these prongs, the courts must weigh (1) parties' convenience; (2) witnesses' convenience; (3) relative ease of access to sources of proof; (4) availability of process to compel attendance of unwilling witnesses; (5) costs of obtaining willing witnesses; (6) practical difficulties associated with trying the case quickly and inexpensively; and (7) interests of justice. *Thomas v. Home Depot, U.S.A., Inc.*, 131 F. Supp. 2d at 936.

As an initial matter, the Court notes that the Plaintiff in this matter is pro se and asserts that he was not aware that the claim to injury should be heard where the action happened or where the Defendants do business. Docket No. 21, p. 7. As a pro se party, it is appropriate to give some latitude to the filings of the Plaintiff in this matter. More importantly however, the Defendants note in some detail that the Defendants and recipients of the letter giving rise to the dispute are residents of the state of Michigan and that any alleged damage to Plaintiff's reputation would have occurred in the state of Michigan. Docket No. 12, p. 7. Considering the above mentioned factors, it seems clear that a transfer would promote the interest of justice and would serve the parties and witnesses' convenience insofar as apart from the Plaintiff, all of the witnesses and evidence would be found in the Western District of Michigan. Further, because the Plaintiff himself has moved to transfer the case, he appears to have acknowledged and accepted any inconvenience associated with litigating the case in the western district. On balance, the factors support a transfer to the Western District of Michigan.

The Defendants have cited no authority or rationale for their contention that the Plaintiff should be responsible for costs and expenses associated with transferring the case or for that matter

14

even identified what costs and expenses they refer to. The Court does not believe, in light of the foregoing analysis, that such a finding is appropriate, beyond any costs assessed by the court in the normal course.

## IV. CONCLUSION

For the reasons discussed herein, the undersigned finds that there is no basis for the Court to exercise personal jurisdiction over the Defendants in this matter. The undersigned further recommends that the matter be transferred to the Western District of Michigan pursuant to 28 U. S. C. §1404(a).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 Ls. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b) (1); Fed. R. Civ. P. 72.

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**